WILLIAM R. WHITTAKER, Respondent, v. JOHN SUMMERVILLE, Appellant.

**St. Louis Court of Appeals, March 13, 1900.**

1. **Petition:** PLEADING: CONTRACT: EQUITY: ACTION AT LAW.	In the case at bar the petition simply seeks a recovery for the value of services rendered, board and lodging furnished, and improvements made at the request of defendant, and asks for a moneyed judgment, hence it sets forth a cause of action at law and one which was properly triable before a jury.

2. **Practice, Appellate**: TRIAL COURTS, ERRORS OF: EXCEP-
TIONS: RECORD. It is only such errors of trial courts as have
been excepted to, as required by statute, of which appellate courts
can take notice.

Appeal from the Cape Girardeau Circuit Court.—*Hon.
Henry C. Riley*, Judge.

AFFIRMED.

*W. J. Roberts* and *Linus Sanford* for appellant.

(1)   The petition fails to set up a cause of action.   If
the plaintiff below has a cause of action, it is an equity for
special performance—a chancery proceeding—and this court
will consider the evidence and find upon the whole case.   The
burden of proof is on the plaintiff below to make out a case
by clear and satisfactory proof.   And having failed to make
the proof, he is not entitled to a judgment.   Vieth v. Gierth,
92 Mo. 97; Tedford v. Trible, 87 Mo. 226; Railway v. Mc-
Carthy, 97 Mo. 214.   (2)   Statements or casual remarks
are not sufficient to sustain the testimony of the plaintiff be-
low when flatly contradicted by the appellant, as to the con-
tract, and the parties alone testify as to this.   If respondent
had a cause of action over eleven years ago, there has been
such laches, in a failure to enforce the contract, in the face
of the statute of frauds, that a court of equity will not now
aid him.

*W. H. Miller* for respondent.

(1)   It will be observed that this case was tried by the
court without the intervention of a jury.   No instructions
were asked or given, and when such is the case the appellate
court will defer to the findings of fact by the lower court
and will not disturb such finding when there is any testimony,
however slight, to support it.   On this proposition, at the

risk of offending, respondent cites the following authority. Dyer v. Baumeister, 87 Mo. 136.

BOND J.—The petition in this case is to wit: "Plaintiff for his cause of action states that, in the early part of the month of September, 1887, he entered into a contract with the defendant as follows:

"The defendant agreed with the plaintiff that if the plaintiff would board and care for him during the remaining years of his life, he would convey to plaintiff by warranty deed the following described real estate situated in the town of Oak Ridge, county of Cape Girardeau and state of Missouri, to wit: Lot No. 8 in block K, in said town.

"That in pursuance of said contract the plaintiff moved into the residence situated on said lot, and lived there continuously from the time aforesaid until the present day.

"That during all of said time the defendant has boarded with plaintiff, and has been nursed during sickness by plaintiff and his family.

"That during the said time the plaintiff has put repairs on said residence in the way of papering, plastering, etc., of the value of $140.

"That defendant's boarding and washing was reasonably worth during all of these years $120 per year.

"That although said contract was a verbal one, yet in pursuance thereof, and relying upon the good faith of the defendant, he entered into said contract and plaintiff has performed his part thereof.

"That the defendant, on the —— day of—— 1899 conveyed by warranty deed the property hereinbefore described to one H. B. Futrell, thereby making it impossible for him to comply with his said contract.

"That the plaintiff has demanded of the defendant that he convey to him in pursuance of the said contract the property in this petition described; but defendant refuses to

do so, or in lieu thereof to pay plaintiff anything for his out-
lay in money in repairing said property and for his board
during the eleven years and more hereinbefore named.

"Plaintiff says that by reason of the wrong and deceit of
the defendant in refusing to comply with the said contract
the defendant is now indebted to the plaintiff in the sum of
$1,320 for board and $140 for repairs and improvements
placed on the property, making a total of $1,460.

"That a reasonable rental of said property during these
years would be $72 per year, or a total of $792, leaving de-
fendant indebted to plaintiff in the sum of $668, for which
sum, together with his costs, plaintiff prays judgment."

The answer was a general denial and a counterclaim for
an alleged balance of $592, an itemized account of which was
filed with the answer. The parties waived a jury and sub-
mitted the case to the court. There was evidence tending
to prove the allegations contained in the petition. No in-
structions were asked or given, nor any exceptions preserved
to the admission or exclusion of evidence. The court ren-
dered judgment in favor of plaintiff for $330.65, from which
defendant appealed.

It is insisted that the petition in this cause is an equit-
able action for specific performance. We are unable to con-
cur in that view. The petition recites the breach by defend-
ant of an oral contract to convey real estate as the ground
of plaintiff's right to recover for necessaries and services ren-
dered defendant, as well as certain repairs placed upon de-
fendant's property, all done at defendant's request and upon
his promise to pay therefor, by executing a deed to plaintiff
to the lot described in the petition. The right to recover is
predicated upon the allegation that defendant having sold the
property in question to a third party was no longer in a condi-
tion to perform his contract specifically, and therefore was
liable to plaintiff *exequo et bono* for the consideration which

had been paid by plaintiff in expectation of the fulfillment by defendant of his aforesaid contract. It is clear, therefore, that the petition in this case simply seeks a recovery for the value of services rendered, board and lodging furnished, and improvements made at the request of defendant, and asks simply for a moneyed judgment, hence it sets forth a cause of action at law and one which was properly triable before a jury. The parties having seen fit to waive that form of trial and to submit the facts to the decision of the court, and there being substantial evidence in the record to support its finding and judgment, are concluded upon the present appeal, unless legal error intervened upon the trial which was properly saved for review. The record, however, shows that no exceptions were preserved to anything that occurred on the trial of the case. It is only such errors of trial courts as have been excepted to, as required by statute, that appellate courts can take notice of. As the petition in this case states a cause of action, as the evidence tends to prove that cause of action, and as the judgment of the lower court is not void on its face, it must therefore, in the absence of all other exceptions on the part of appellant, be affirmed. It is so ordered. All concur.